UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PATRICK SMITH,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

Case. No. 10-14049
Hon. Lawrence P. Zatkoff

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 31, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

Plaintiff filed this action seeking Social Security disability benefits. This matter currently comes before the Court on Magistrate Judge Binder's Report and Recommendation [dkt 10], in which the Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment [dkt 7] be denied and Defendant's Motion for Summary judgment [dkt 8] be granted. Plaintiff has filed objections to the Magistrate's Report and Recommendation [dkt 11], to which Defendant has responded [dkt 12]. The Court has thoroughly reviewed the court file, the respective motions, the Report and Recommendation, Plaintiff's objections, and Defendant's response. For the reasons discussed below, the Court REJECTS Magistrate Judge Binder's Report and Recommendation, Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary Judgment is DENIED, and Plaintiff's action is REMANDED to the Commissioner.

## II. LEGAL STANDARD

The Court examines an ALJ's decision to determine if the correct legal standard was used and if the findings are supported by substantial evidence. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The ALJ's decision "is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Id.* Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). In determining whether the Commissioner's decision is supported by substantial evidence, the Court must examine the administrative record as a whole. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (per curiam). The Court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). If the Commissioner's decision was supported by substantial evidence and decided under the correct legal standard, the Court must affirm the Commissioner's decision even if it may decide the case differently, and even if substantial evidence also supports the claimant's position. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).

## III. ANALYSIS

The facts of this case are adequately recited in the Report and Recommendation and need not be revisited here. Plaintiff asserts three objections to the Magistrate Judge's Report and Recommendation: (1) the Magistrate Judge erroneously re-stated Plaintiff's allegations regarding

his Global Assessment Function ("GAF") scores;[1] (2) the Magistrate Judge failed to address the ALJ's lack of deference to Plaintiff's treating psychiatrist's opinions; and (3) the Magistrate Judge improperly analyzed Plaintiff's mental and physical impairments separately.

**1. PLAINTIFF'S GAF SCORES AND PLAINTIFF'S TREATING PSYCHIATRIST**

Plaintiff's first and second objection essentially involve the same alleged error by the ALJ. First, Plaintiff argues that the opinions of the treating psychiatrist, Dr. Rubenstein, should have been given controlling weight by the ALJ instead of erroneously rejecting the treating psychiatrist's opinions regarding two GAF tests that assessed Plaintiff with a GAF score of 50, which was supported by a state agency consultative assessment. Second, Plaintiff contends that he presented evidence from his treating psychiatrist, Dr. Rubenstein, and that the ALJ erred by not deeming Dr. Rubenstein's opinion as that of a "treating physician" or rendering the analysis to decide otherwise. Plaintiff further objects to the Magistrate Judge's failure to address this subject in his Report and Recommendation.

With respect to treating physicians, 20 C.F.R. 404.1527(d)(2) provides the following:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. *If we find that a treating source's opinion on the issue(s) of the nature and severity of your*

---

[1] "GAF examinations measure psychological, social, and occupational functioning on a continuum of mental-health status from 0 to 100, with lower scores indicating more severe mental limitations." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 275–76 (6th Cir. 2009). As noted in *Oliver v. Comm'r of Soc. Sec.*, No. 09-2543, 2011 WL 924688 at *4 (6th Cir. March 17, 2011), a GAF score can be significant "to the extent that it [clarifies] an individual's underlying mental issues."

> *impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. . . .* We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

(emphasis added).

"[A] finding that a treating source medical opinion . . . is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 408 (6th Cir. 2009) (quoting SSR No. 96–2p, 1996 SSR LEXIS 9, at *9). "In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight." SSR No. 96-2p (1996), 1996 S.S.R. LEXIS 9, at *9–10.

"If not accorded controlling weight, the ALJ must consider a series of factors in determining the weight to be accorded the treating physician's opinion, including: 'the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source.'" *Simpson v. Comm'r of Soc. Sec.*, 344 Fed. App'x 181, 193 (6th Cir. 2009) (quoting *Wilson*, 378 F.3d at 544). "[T]he ALJ must provide 'good reasons' for discounting treating physicians' opinions, reasons that are 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (citations omitted). "An ALJ's 'failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the

weight' given '*denotes a lack of substantial evidence*, even where the conclusion of the ALJ may be justified based upon the record.'" *Blakley*, 581 F.3d at 407 (quoting *Rogers*, 486 F.3d at 243) (emphasis added).

Here, the ALJ's decision gave only limited weight to the GAF score of 50, which was based on three assessments. One assessment, which supported Dr. Rubenstein's opinion, was a state agency consultative assessment dated August 15, 2008. The other two assessments were completed by Dr. Rubenstein on September 12, 2008, and October 30, 2009. The ALJ gave less weight to Dr. Rubenstein's two recent assessments because, despite an indication from the scores that Plaintiff's functioning may be declining, the ALJ noted that there were "no significant changes to mental health treatment or medication." In justifying the ALJ's position, the ALJ stated in a written decision:

> The undersigned attributes only limited weight to the GAF assessments of 50, as they appear to be based in the case of the State agency assessment on a one-time assessment of the claimant that is out of proportion with the recitation of claimant's activities and mental functional abilities; and *in the case of Dr. Rubenstein on treatment that followed an increase in headache symptoms but that resulted in no significant changes to mental health treatment or medication*."

(emphasis added).

Upon review of the administrative decision, the ALJ has placed nothing on the record as to whether the ALJ considered Dr. Rubenstein as a treating physician, an expert, or both. Additionally, the ALJ decided not to give controlling weight to Plaintiff's more recent GAF assessments by Dr. Rubenstein that resulted in GAF scores of 50. In doing so, the ALJ, in addition to not considering Dr. Rubenstein as a treating physician, failed to consider the series of factors under 20 C.F.R. 416.927 or 20 C.F.R. 404.1527 when deciding not to give Dr. Rubenstein's opinion controlling weight. As stated in *Simpson* and *Wilson*, the ALJ must consider such factors, including the length

of the treatment relationship and the frequency of examinations, which, in this case, the ALJ failed to consider in his written decision. *See Simpson*, 344 Fed. App'x at 193 (quoting *Wilson*, 378 F.3d at 544).

The consequences of the ALJ's determination to attribute only limited weight to the GAF scores of 50, thus attributing more weight to the GAF scores of 55-to-60, meant that Plaintiff's GAF scores of 55-to-60 placed him in a different range under the GAF assessment scale. A GAF score of 41-to-50 means that the patient has "[s]erious symptoms . . . or any serious impairment in social, occupational, or school functioning (e.g. no friends, unable to keep a job)." *Edwards v. Barnhart*, 383 F. Supp. 2d 920, 924 (E.D. Mich. 2005) (citing American Psychiatric Assoc., *Diagnostic and Statistical Manual of Mental Disorders* 30 (4th ed. 1994)) (internal quotations omitted). A GAF score of 51-to-60 signals the existence of moderate difficulty in social or occupational functioning. *Id.* Thus, in this case, attributing more weight to the decline in Plaintiff's GAF scores (a decrease from 55 to 50) may represent a change from a "moderate impairment" to a "serious impairment."

As such, the ALJ's failure to follow the procedural requirements by not stating whether Dr. Rubenstein was a treating physician or considering the factors under 20 C.F.R. 416.927 or 20 C.F.R. 404.1527 when limiting the weight of Dr. Rubenstein's GAF assessments that resulted in a score of 50 "denotes a lack of substantial evidence" to support the ALJ's decision. *See Blakley*, 581 F.3d at 407 (quoting *Rogers*, 486 F.3d at 243).

**2. PLAINTIFF'S MENTAL AND PHYSICAL IMPAIRMENTS**

Plaintiff's third objection argues that the Magistrate Judge erred when he analyzed Plaintiff's mental and physical impairments separately rather than analyzing the cumulative effect of both as required by Soc. Sec. Rul. 96-8p. Plaintiff also argues that the ALJ made the same error. The Court,

however, need not analyze Plaintiff's third objection, already having determined that the ALJ's findings were not supported by substantial evidence.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment [dkt 7]  is DENIED without prejudice, and Defendant's Motion for Summary Judgment [dkt 8] is DENIED without prejudice.

IT IS FURTHER ORDERED that this action is REMANDED to the Commissioner for further proceedings consistent with this opinion.

IT IS SO ORDERED.

                                         S/Lawrence P. Zatkoff
                                         LAWRENCE P. ZATKOFF
                                         UNITED STATES DISTRICT JUDGE

Dated:  May 31, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 31, 2011.

                                         S/Marie E. Verlinde
                                         Case Manager
                                         (810) 984-3290