UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PATRICK SMITH,

    Plaintiff,

v.                                                                          Case. No. 10-14049
                                                                                Hon. Lawrence P. Zatkoff

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER DENYING ATTORNEY'S FEES

### I. INTRODUCTION

This matter is before the Court on Plaintiff's motion for attorney's fees [dkt 14]. Defendant has filed a response. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Plaintiff's motion for attorney's fees is DENIED.

### II. BACKGROUND

Plaintiff filed this action seeking review of the Defendant's final decision denying his application for Disability Insurance Benefits and Supplemental Security Income. On May 31, 2011, this Court issued an Opinion and Order [dkt 13] rejecting the Magistrate Judge's Recommendation and Report and remanding this case pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further administrative proceedings. The Court found that the ALJ failed to note on the record whether the ALJ considered Plaintiff's physician, Dr. Rubenstein, as a

treating physician.  The ALJ also gave less weight to Plaintiff's more recent Global Assessment Function ("GAF") scores conducted by Dr. Rubenstein.[1]  In doing so, the Court held that:

> the ALJ's failure to follow the procedural requirements by not stating whether Dr. Rubenstein was a treating physician or considering the factors under 20 C.F.R. 416.927 or 20 C.F.R. 404.1527 when limiting the weight of Dr. Rubenstein's GAF assessments that resulted in a score of 50 'denotes a lack of substantial evidence' to support the ALJ's decision.

On June 27, 2011, Plaintiff filed a motion for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), seeking $3,835.25 in fees for 26.45 hours of work performed by his attorney and $350 in costs for filing this case.  Plaintiff submitted documentation with his motion detailing the work performed for Plaintiff and hours required for each task listed.

### III.  ANALYSIS

Pursuant to the EAJA:

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Thus, Plaintiff must establish that: (1) he is a prevailing party; (2) Defendant was not substantially justified in opposing Plaintiff; and (3) no special circumstances

---

[1] "GAF examinations measure psychological, social, and occupational functioning on a continuum of mental-health status from 0 to 100, with lower scores indicating more severe mental limitations." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 275–76 (6th Cir. 2009). As noted in *Oliver v. Comm'r of Soc. Sec.*, No. 09-2543, 2011 WL 924688 at *4 (6th Cir. March 17, 2011), a GAF score can be significant "to the extent that it [clarifies] an individual's underlying mental issues."

exist that make an award of fees unjust. *See Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009); *Perket v. Sec'y Health & Human Servs.*, 905 F.2d 129, 132 (6th Cir. 1990).

In this case, the parties do not dispute that Plaintiff is a prevailing party, and the Supreme Court appears to support Plaintiff's assertion that a party that obtained a remand under the fourth sentence of 42 U.S.C. § 405(g) may be awarded attorney fees. *See Shaala v. Schaeffer*, 509 U.S. 292, 293 (1993). The parties do not address whether special circumstances exist in this case, but the Court finds no evidence why such circumstances would be present in this case. The Court therefore is presented with the issue of whether Defendant was substantially justified in opposing Plaintiff in this case.

Plaintiff contends, because the Court found the ALJ's decision to be unsupported by substantial evidence, Defendant's opposition in this case was not substantially justified and therefore Plaintiff is entitled to attorney's fees. Plaintiff's conclusion is fatally flawed, as whether the ALJ's decision is unsupported by *substantial evidence* is a standard separate from whether the Defendant is *substantially justified*. To be "substantially justified," Defendant must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The mere fact that Defendant "lost" the case is not dispositive. *Id.* at 569; *see Couch v. Sec'y Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984) ("The fact that this court finds a decision of the Secretary not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified.").

The Court finds that Defendant was "substantially justified" in defending against Plaintiff. Although the Court noted that the ALJ failed to follow the procedural requirements to note whether Dr. Rubinstein was a treating physician, the ALJ provided reasoning for

3

discounting Dr. Rubenstein's GAF scores and noted Dr. Rubenstein's examinations. Furthermore, the Court did not find that the ALJ's reasoning was incorrect. Rather, the Court found that the ALJ failed to follow the proper procedural requirements in reviewing Plaintiff's evidence. Therefore, Defendant's opposition to Plaintiff was justified to a degree that would satisfy a reasonable person. As such, Plaintiff is not entitled to attorney's fees under the EAJA.

## IV. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Plaintiff's motion for attorney's fees [dkt 14] is DENIED.

IT IS SO ORDERED.

                                    s/Lawrence P. Zatkoff
                                    LAWRENCE P. ZATKOFF
                                    UNITED STATES DISTRICT JUDGE

Dated: September 23, 2011

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 23, 2011.

                                    s/Marie E. Verlinde
                                    Case Manager
                                    (810) 984-3290